**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| **AYKUT PILAK,** | |
| Plaintiff, | |
| | Case No.   4:26-cv-1113 |
| vs. | |
| **UBER TECHNOLOGIES, INC.,** | (Removed from Circuit Court of St. Louis County, Missouri – 26SL-CC04238) |
| Defendant. | |

## <u>NOTICE OF REMOVAL</u>

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, Defendant Uber Technologies, Inc. ("Uber" or "Defendant"), hereby removes to the United States District Court for the Eastern District of Missouri the above-captioned action styled *Aykut Pilak v. Uber Technologies, Inc.*, Case No. 26SL-CC04238, currently pending in the Circuit Court of the City of St. Louis, Missouri. Defendant removes this case on the grounds of (1) federal question and (2) diversity of citizenship and amount in controversy.  In support of its Notice of Removal, Defendant states as follows:

**I.      THE STATE COURT ACTION**

1.      Plaintiff Aykut Pilak ("Plaintiff") commenced this action on or about June 9, 2026, in the Circuit Court of St. Louis County, Missouri (the "Circuit Court"), by filing his Petition in the case styled *Aykut Pilak v. Uber Technologies, Inc.*, Case No. 26SL-CC04238 (the "Petition").

2.      Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served on Defendant in the Circuit Court action are attached as **Exhibit A**.

3.      The Petition asserts a four (4) Count lawsuit against Defendant alleging one (1) claim of declaratory judgment related to Plaintiff's arbitration agreement entered into with Defendant; one (1) claim of "Lack of Mutual Assent" related to the validity of the Arbitration

1

Agreement Plaintiff entered into with Defendant; one (1) claim of "Unconscionability and Lack of Meaningful Opportunity for Review" related to the Arbitration Agreement Plaintiff entered into with Defendant; and one (1) claim for Injunctive Relief presumably related to the validity of the Arbitration Agreement entered into between Plaintiff and Defendant;

4.      On June 12, 2026, Plaintiff served Defendant's registered agent with a civil summons and copy of the Petition. A copy of Plaintiff's Service Documents including the Summons and Request for Special Process Server are attached hereto as **Exhibit B**.

5.      Based on the foregoing, Defendant has timely filed this Notice of Removal as it is being filed within 30 days of the date Defendant was served with the summons and Petition. *See* 28 U.S.C § 1446(b).

## II.      JURISDICTION AND VENUE

6.      The United States Supreme Court has held that, under 28 U.S.C. § 1446(a), defendant's notice of removal need only contain "a short and plain statement of the grounds for removal." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014). This language "tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure." *Id.* Thus, courts should apply "the same liberal rules [to removal allegations] that are applied to other matters of pleading," and the notice of removal "need not contain evidentiary submissions." *Id.* at 551.

7.      Because the United States District Court for the Eastern District of Missouri, Eastern Division, encompasses the Twenty-First Judicial Circuit of St. Louis City, Missouri, this Court is the appropriate venue for removal. 28 U.S.C. §§ 105(a)(1), 1441(a), and 1446(a).

8.      Removal is pursuant to both 28 U.S.C. § 1331(federal question jurisdiction) and 28 U.S.C. § 1332 (diversity jurisdiction).

### III.     FEDERAL QUESTION

9.      This Court has original jurisdiction over the above-described action on the basis of federal question pursuant to 28 U.S.C. § 1331 as a result of Counts I – IV arising out of implementation and interpretation of the Federal Arbitration Act, 9 U.S.C. § 1 *et seq*.

10.     This Court has supplemental jurisdiction pursuant to 28 U.S.C.A. § 1367 over Plaintiff's state law claims partially advanced in Counts I, II, III, and IV of the Petition. Accordingly, the Court has jurisdiction over this matter on the basis of federal question jurisdiction.

### IV.     DIVERSITY OF CITIZENSHIP AND AMOUNT IN CONTROVERSY

11.     Pursuant to 28 U.S.C. § 1332, District Courts have original jurisdiction over all actions where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and in which there is complete diversity of citizenship among the parties that have been properly joined. Here, the Court also has jurisdiction over this matter on the basis of diversity jurisdiction.

#### A.      *Diversity of Citizenship*

12.     A "corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has a principal place of business." 28 U.S.C. § 1332(c)(1). To determine a corporation's principal place of business, courts apply the "nerve center" test, which deems the principal place of business to be the state in which the corporation's officers direct, control, and coordinate the corporation's activities. *See Hertz Corp. v. Friend*, 559 U.S. 77, 80–81 (2010).

13.     Defendant Uber Technologies, Inc. is a foreign corporation (not organized in the State of Missouri) headquartered in the State of California. Further, Uber Technologies, Inc.'s principal place of business and principal executive office are located in San Francisco, California.

3

**Ex. B**, Page 1. Therefore, Defendant Uber Technologies, Inc. is not a citizen of Missouri for purposes of diversity jurisdiction.

14.     In his Petition, Plaintiff represents that at all relevant times he has resided in St. Louis County, Missouri.  **Ex. A**, Petition, ¶ 1.

15.     Thus, Plaintiff is a citizen of the State of Missouri and Defendant is not a citizen of Missouri, and because there is complete diversity of citizenship between Plaintiff and Defendant, the diversity requirement is satisfied.

### B.     *Amount in Controversy*

16.     Diversity jurisdiction pursuant to § 1332(a) also requires the amount in controversy, exclusive of interests and costs, be in excess of $75,000.

17.     Where removal is based on diversity of citizenship, the removing defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 135 S. Ct. at 554. The standard for determining whether the jurisdictional threshold has been satisfied is "whether a fact finder might legally conclude" that a plaintiff's damages exceed $75,000. *Quinn v. Kimble*, 228 F. Supp. 2d 1038, 1040 (E.D. Mo. 2002), citing *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002); *see also In re Minnesota Mut. Life Ins. Co. Sales Practices Litig.*, 346 F.3d 830, 834-35 (8th Cir. 2003) (amount in controversy is the potential value of plaintiff's claims, not the amount pled or the actual verdict). Defendant needs only to show by a preponderance of the evidence that "the claims originally asserted by [the plaintiff] could, that is might, legally satisfy the amount in controversy requirement." *James Neff Kramer Family Farm P'ship v. IBP, Inc.*, 393 F.3d 828, 831 (8th Cir. 2005).  Courts consider compensatory damages, punitive damages, and attorneys' fees in determining whether the amount

in controversy exceeds $75,000.00. *See Allison v. Sec. Benefit Life Ins. Co.*, 980 F.2d 1213, 1215 (8th Cir. 1992); *Capitol Indem. Corp. v. Miles*, 978 F.2d 437, 438 (8th Cir. 1992).

18.     The amount in controversy in this case exceeds $75,000.00, exclusive of interest and costs. Plaintiff has previously filed another lawsuit in the United States District Court for the Eastern District of Missouri, Case No.: 4:25-cv-00400-RHH, over the exact same underlying claims and stemming from the same Arbitration Agreement. In that Complaint, Plaintiff has alleged over One Million Dollars ($1,000,000.00) in damages.

19.     Defendant denies any and all liability and denies Plaintiff is entitled to such damages. Relatedly, Defendant states that as determined by the Court in Plaintiff's other currently pending lawsuit before the Eastern District of Missouri, Case No.: Case No.: 4:25-cv-00400-RHH, the Arbitration Agreement is valid and controlling.

20.     Based on the foregoing standard, Defendant meets the burden of showing by a preponderance of the evidence that the amount in controversy exceeds $75,000, exclusive of interest and costs.

## V.     COMPLIANCE WITH PROCEDURAL REQUIREMENTS

21.     Considering the combination of Plaintiff's claimed damages for lost wages, emotional distress, and compensatory damages (and any erroneously sought attorneys' fees as a *pro se* Plaintiff), Defendant has made more than "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 89. Accordingly, this matter satisfies the amount in controversy requirement for removal of this action.

22.     Defendant has attached all process, pleadings, and orders served upon it as Exhibit A, as required by 28 U.S.C. § 1446(a).

23.     In accordance with 28 U.S.C. § 1446(d), Defendant will promptly file a copy of this Notice of Removal with the Clerk of the Circuit Court of the City of St. Louis, Missouri, and

will simultaneously provide written notice of the filing of this Notice of Removal to Plaintiff as reflected by the Certificate of Service. ***See* Exhibit C, Notice to State Court of Removal, Exhibit D, Notice to Plaintiff of Removal**.

24.    A Civil Cover Sheet is filed contemporaneously with this Notice.

25.    By removing this action, Defendant does not waive any defenses or objections it may have, including but not limited to, sufficiency of process, service of process, and personal jurisdiction.

## VI.    CONCLUSION

WHEREFORE, Defendant Uber Technologies, Inc. respectfully removes this case from the Circuit Court of St. Louis County to this Court for all further proceedings.

Respectfully submitted,

*/s/ William J. O'Shea*

Harry W. Wellford, Jr., #6188941
hwellford@littler.com
William J. O'Shea, Bar No. 73881
woshea@littler.com
LITTLER MENDELSON, P.C.
7777 Bonhomme Ave, Suite 1220
Clayton, Missouri 63105
Telephone:    314.659.2000
Facsimile:    816.817.2138

*Attorney for Defendant Uber Technologies, Inc.*

6

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 16th day of July 2026, I electronically filed the foregoing with the Clerk of the Court to be served by operation of the Court's electronic filing system and via USPS mail and electronic mail upon the following:

Aykut Pilak
8818 Gravois Road, Apt. 15
St. Louis, MO 63123
aykutpilak@gmail.com

*Pro se Plaintiff*


*/s/ William J. O'Shea*