The information available on Case.net is provided as a service and is not considered an official court record.

Case.net:26SL-CC04238 - AYKUT PILAK V UBER TECHNOLOGIES, INC. (E-CASE) - Docket Entries

---

| | **Sort by date:** Descending | **Display options:** |
|---|---|---|
| **Respond to Selected Documents \|** | Ascending | All Entries ⌄ |

**06/09/2026**

**Pet Filed in Circuit Ct**

**Summons Issued-Circuit**

Document ID: 26-SMCC-7977, for UBER TECHNOLOGIES, INC.

**Judge Assigned**

DIV 7

**Redaction Certification Filed**

**Confid Filing Info Sheet Filed**

**06/16/2026**

**Notice of Service**

26-SMCC-7977.

**Corporation Served**

Document ID - 26-SMCC-7977; Served To - UBER TECHNOLOGIES, INC.; Served Date - 06/12/2026; Served Time - 12:35:01; Service Type - SD; Reason Description - SERV; Service Text -

**EXHIBIT**

**A**

**In the**

# CIRCUIT COURT
## of St. Louis County, Missouri

**AYKUT PILAK**
Plaintiff(s)

vs.

**UBER TECHNOLOGIES, INC.**
Defendant(s)

Date **6/09/2026**

Case Number **26SL-CC04238**

Division **DIV 7**

**FILED**

JUN 09 2026

JOAN M. GILMER
CIRCUIT CLERK, ST. LOUIS COUNTY

For File Stamp Only

See attachment

I Aykut Pilak,
signed this document my self

**SO ORDERED**

~~Attorney~~     Bar No.

Address

Phone No.   Subscribed and sworn to before me this **9**
day of **June**, 20**26**

Attorney   in the County of St. Louis, State of Missouri   Bar No.

Judge

**ENTERED:** _____
       (Date)

Notary Public

CCOPR47-WS  Rev. 02/14

JEN Address
NOTARY PUBLIC - NOTARY SEAL
STATE OF MISSOURI
MY COMMISSION EXPIRES MARCH 4, 2028
JEFFERSON COUNTY
COMMISSION #24477394

Phone No.      Fax No.

# IN THE CIRCUIT COURT OF ST. LOUIS COUNTY,

# MISSOURI

AYKUT PILAK,

Plaintiff,

v.

Case No: 26SL-CC04238

UBER TECHNOLOGIES, INC.

c/o CT Corporation System

5661 Telegraph Road, Suite 4B

St. Louis, Missouri 63129,

Defendant.

# PETITION FOR DECLARATORY JUDGMENT, INJUNCTIVE RELIEF, AND OTHER APPROPRIATE RELIEF

Plaintiff Aykut Pilak, appearing pro se, states as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Aykut Pilak is a resident of St. Louis County, Missouri.

2. Defendant Uber Technologies, Inc. conducts substantial and continuous business activities within the State of Missouri and may be served through its registered agent located in St. Louis County, Missouri.

3. This Court has jurisdiction over the parties and the subject matter of this action.

4. Venue is proper in St. Louis County because Defendant conducts business within this county and maintains a registered agent for service of process within this county.

## GENERAL FACTUAL ALLEGATIONS

5. Plaintiff works as a rideshare driver using Defendant's mobile application platform.

6. Plaintiff accesses the Uber platform through his registered email address and telephone number.

7. During the period in which Plaintiff has used the Uber platform, Defendant has presented various terms, conditions, updates, and agreements through its mobile application.

8. Plaintiff does not possess professional-level English proficiency and relies upon limited English-language skills while using Defendant's platform.

9. In or around July 2024, while Plaintiff was actively driving with the Uber Driver application open, Defendant presented an agreement notification that Plaintiff was required to accept in order to continue using the platform.

10. Plaintiff was not provided a meaningful opportunity to safely and thoroughly review the agreement.

11. The alleged agreement was presented only in English.

12. Defendant did not provide any translation, advance notice, or meaningful opportunity for Plaintiff to review the agreement at a later time.

13. Plaintiff accepted the notification in order to maintain access to the platform and intended to review the terms later.

14. Plaintiff does not recall the dates, versions, contents, or methods of acceptance relating to various agreements allegedly accepted during prior years of using the Uber platform.

15. The versions, timestamps, methods of acceptance, electronic signatures, and related electronic records concerning such agreements are entirely within Defendant's exclusive control.

16. Plaintiff has no independent means of verifying the agreements that Defendant alleges were accepted.

17. Following the alleged acceptance of the agreements, Defendant failed to provide a clear and functional method allowing Plaintiff to view, download, review, or verify those agreements.

18. Although the agreement status information within the Uber application appears as "Completed," Plaintiff cannot access the full text of the agreements.

19. Defendant's application interface and account-management system prevent Plaintiff from accessing, reviewing, downloading, and verifying agreements allegedly accepted through the platform.

20. Although the application indicates that agreement-related actions have been completed, Plaintiff remains unable to access the actual agreement texts.

21. On April 17, 2026, and May 21, 2026, Plaintiff requested acceptance information, electronic records, timestamps, and account records relating to the agreements from Defendant.

22. Defendant failed to provide records sufficient to allow Plaintiff to independently verify which version of the agreement was accepted, what terms were presented, and under what circumstances acceptance occurred.

23. Missouri courts have recognized that rideshare applications and their design and functionality may be subject to judicial review where they affect users' legal rights and obligations. (Rochelle Ameer v. Lyft, Inc., No. ED112455, Missouri Court of Appeals, Eastern District, decided March 4, 2025.)

24. Similar issues are present in this case because Defendant's application interface prevents Plaintiff from accessing, reviewing, and verifying agreements allegedly accepted through the platform.

25. Plaintiff cannot determine which version of the agreement was presented, what terms were displayed, whether modifications were made between versions, or whether Defendant's records accurately reflect the alleged acceptance process.

26. As a result, an actual and present controversy exists regarding whether valid contractual consent was formed and whether Defendant may enforce the disputed contractual provisions against Plaintiff.

**COUNT I**

**DECLARATORY JUDGMENT**

27. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

28. An actual controversy exists between the parties concerning the formation, validity, enforceability, and scope of the alleged agreements.

29. Plaintiff denies that any valid agreement was formed without a meaningful opportunity for review and informed consent.

30. Plaintiff further challenges the enforceability of any provision for which Defendant cannot establish which agreement was presented, which version was displayed, when the agreement was presented, and the method by which acceptance allegedly occurred.

31. A declaratory judgment is necessary to determine the rights and obligations of the parties.

**COUNT II**

**LACK OF MUTUAL ASSENT**

32. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

33. A valid contract requires mutual assent and a meaningful opportunity to understand the terms being accepted.

34. Plaintiff was not provided a meaningful opportunity to review and understand the agreements before acceptance became mandatory.

35. Plaintiff has been unable to verify the contents of the agreements after acceptance.

36. Defendant has failed to provide sufficient records demonstrating what terms Plaintiff allegedly accepted.

37. Under these circumstances, substantial questions exist as to whether there was a genuine meeting of the minds between the parties.

## COUNT III

## UNCONSCIONABILITY AND LACK OF MEANINGFUL OPPORTUNITY FOR REVIEW

38. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

39. The alleged agreements were presented on a "take-it-or-leave-it" basis.

40. Plaintiff had no realistic opportunity to negotiate the terms of the agreements.

41. Defendant exercised complete control over the timing, presentation, accessibility, retention, and post-acceptance access to the agreements.

42. Defendant failed to provide a reasonably accessible method allowing Plaintiff to review and verify the terms allegedly accepted.

43. Under these circumstances, enforcement of the disputed contractual provisions would be unconscionable and inconsistent with fundamental principles of fairness.

## COUNT IV

## INJUNCTIVE RELIEF

44. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

45. Plaintiff will continue to suffer irreparable harm if Defendant is permitted to rely upon contractual provisions whose existence, contents, and formation remain disputed.

46. Monetary damages alone are insufficient to resolve the present controversy concerning the rights and obligations of the parties.

47. Temporary and permanent injunctive relief is necessary to preserve the status quo until the validity and enforceability of the agreements can be determined.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter a declaratory judgment regarding the validity, formation, enforceability, and scope of the disputed agreements;

B. Declare unenforceable any contractual provisions for which Defendant cannot establish which agreement was presented, which version was displayed, when it was presented, and how it was accepted;

C. Order Defendant to produce the electronic records, timestamps, acceptance records, metadata, and account records maintained in the ordinary course of business relating to Plaintiff's alleged acceptance of the agreements;

D. Temporarily and permanently enjoin Defendant from enforcing the disputed contractual provisions until the issues raised in this action have been resolved;

E. Award Plaintiff his costs of suit as permitted by law; and

F. Grant such other and further legal and equitable relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable as a matter of right under the Constitution and laws of the State of Missouri and the United States.

Respectfully submitted,

AYKUT PILAK

8818 Gravois Rd. Apt 15

St Louis MO 63123

aykutpilak@gmail.com

3146804583

Plaintiff, Pro Se

Subscribed and sworn to before me this 9

day of June , 20 26

in the County of St. Louis, State of Missouri

Notary Public

JENNA MCGARITY
NOTARY PUBLIC - NOTARY SEAL
STATE OF MISSOURI
MY COMMISSION EXPIRES MARCH 4, 2028
JEFFERSON COUNTY
COMMISSION #24477394

In the
# CIRCUIT COURT
## Of St. Louis County, Missouri

For File Stamp Only

**AYKUT PILAK**
Plaintiff(s)

Date **6/09/2026**

Case Number **26SL-CC04238**

VS.

**UBER TECHNOLOGIES, INC.**
Defendant(s)

Division _____ Day _____

# FILED
JUN 09 2026
JOAN M. GILMER
CIRCUIT CLERK, ST. LOUIS COUNTY

## Service Instructions

Defendant Name: **UBER TECHNOLOGIES, INC.**

Address: **5661 Telegraph Road Suite 4B (CT Corporation System)**

City, State, Zip Code: **STLOUIS MO 63129**

Defendant Name: _____

Address: _____

City, State, Zip Code: _____

Defendant Name: _____

Address: _____

City, State, Zip Code: _____

Filer's Name **AYKUT PILAK**          Filer's Signature

Address **8818 Gravois Rd. APT 15**

City, State, Zip Code **STLOUIS MO 63123**

Phone Number

**314 680 4583**

OFFICE OF THE CIRCUIT CLERK                    Invoice No: 303751
CIRCUIT COURT OF ST.LOUIS CO                   Date: 06/09/26
105 SOUTH CENTRAL AVENUE
CLAYTON, MO  63105                             Page: 1
314-615-8035


                                      Customer No: 11
                                      Phone No:

   AYKUT PILAK


Cust. Order #: 26SL-CC04238          Salesperson: #28 - DARLENE

Product Code              Item Description              Qty  Unit Price     Amount
================================================================================
110                       CIVIL & EQUITY FILING          1    105.50       105.50
================================================================================
                                              Sub-Total:         105.50
                                               Shipping:           0.00
                                          Tax [    0]:        EXEMPT  *
                                          =========================
                                                 Total:         105.50
                                                              105.50
                                          =========================
   T h a n k                               Amount Paid:         105.50
   Y o u                                   Amount Due:            0.00
                                               Change:            0.00

# Summons in Civil Case

IN THE 21ST JUDICIAL CIRCUIT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>MARY ELIZABETH OTT | Case Number:  26SL-CC04238 |
|---|---|
| Plaintiff/Petitioner:<br>AYKUT PILAK<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>AYKUT PILAK<br>8818 GRAVOIS RD. APT 15<br>SAINT LOUIS, MO  63123 |
| Defendant/Respondent:<br> UBER TECHNOLOGIES, INC. | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Declaratory Judgment | (Date File Stamp for Return) |

**The State of Missouri to:**   **UBER TECHNOLOGIES, INC.**
                                     **Alias:**
                                     **CT CORPORATION SYSTEM**
                                     **5661 TELEGRAPH RD STE 4B**
                                     **ST LOUIS, MO  63129-4275**

**Other Addresses:**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

*COURT SEAL OF*



*ST. LOUIS COUNTY*

| 09-JUN-2026 | /s/ Shanika Simmons |
|---|---|
| Date | Clerk |

**Further Information:**
SS

**Case Number: 26SL-CC04238**

## Officer's or Server's Return

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the

defendant/respondent with _____, a person at least 18 years

of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:

_____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date)

at _____ (time).

_____          _____
Printed Name of Officer or Server                     Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on _____ (date).

*(Seal)*        My commission expires: _____ _____
                                                    Date                              Notary Public

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

**Purpose of Notice**

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

**Your Rights and Obligations in Court Are Not Affected By This Notice**

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

**Alternative Dispute Resolution Procedures**

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

CCADM73

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Avenue, 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms.  You should ask your lawyer for further information.

CCADM73



**OFFICE OF THE CIRCUIT CLERK**

Missouri's 21st Judicial Circuit, St. Louis County

Civil Department

105 South Central Avenue, Clayton, MO 63105

Hours: Monday through Friday 8:00 A.M. to 5:00 P.M.

Phone: 314-615-8029

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act. Please notify the Office of the Circuit Clerk at 314-615-8029. FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 0r 800-735-2966, at least three business days in advance of the court proceeding.

IN THE __21ST__ JUDICIAL CIRCUIT, _____ST LOUIS_____ COUNTY, MISSOURI

| | |
|---|---|
| Name: AYKUT PILAK | Case Number: 26SL-CC04238 |
| Address: 8818 Gravois Rd. APT 15 ST LOUIS MO 63123 | Case Type: EA |
| | Style of Case: AYKUT PILAK V. UBER TECHNOLOGIES, INC. |
| Document Filed: Petition For Declaratory Judgment | |

**FILED**

JUN 09 2026

**JOAN M. GILMER**
CIRCUIT CLERK, ST. LOUIS COUNTY

(Date File Stamp)

## Redaction Certification

The filer certifies that all documents in this submission for filing with the court comply with all redaction requirements of Rules 19.10, 55.025, or 84.015.

COR 2.02

The responsibility for redacting confidential information rests solely with the counsel, parties, or any other person filing the document. Courts will not review each case document to ensure compliance and will not refuse to accept or file a document on that basis.

On and after the Expanded Remote Access Implementation Date: July 1, 2023

1. All redactions shall be done in a manner that makes it clear that information has been redacted. If necessary to reference the redacted information in a redacted document, filers shall use generic descriptors.

2. When a filer redacts information from a document offered for filing in any court, the filer also must file a confidential redacted information filing sheet that either:

   ▪ has the unredacted version of the document attached; or

   ▪ sets out the information redacted from the document with an explanation referencing where the information was redacted from in the document or the generic descriptors used in the document to reference the redacted information.

3. All filers shall affirmatively certify compliance with the redaction requirements in Rules 19.10, 55.025, and 84.015 when a document is filed. This certification shall be accomplished through an automated process implemented in the electronic filing system for its authorized users or, for filers who are not authorized users of the electronic filing system, by a paper form attached to the document or on the document itself.

4. When a motion is filed alleging a document filed with the court contains insufficiently redacted confidential information, the clerk shall raise the document's security level to a confidential setting. The court shall dispose of the motion within 30 days. If the court determines the document is sufficiently redacted, the clerk shall reset the document's security level to allow for proper public access.

I HAVE READ AND UNDERSTAND THE ABOVE.

6/9/2026
‾‾‾‾‾‾‾‾‾‾‾‾
Date

‾‾‾‾‾‾‾‾‾‾‾‾
Filer's Signature

**RETURN**



# Summons in Civil Case

IN THE 21ST JUDICIAL CIRCUIT, ST. LOUIS COUNTY, MISSOURI

*Tracking # 2600326886*

SB
7-9

| Judge or Division:<br>MARY ELIZABETH OTT | Case Number: 26SL-CC04238 | |
|---|---|---|
| Plaintiff/Petitioner:<br>AYKUT PILAK<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>AYKUT PILAK<br>8818 GRAVOIS RD. APT 15<br>SAINT LOUIS, MO  63123 | |
| Defendant/Respondent:<br>UBER TECHNOLOGIES, INC.<br><br>Nature of Suit:<br>CC Declaratory Judgment | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 | (Date File<br>Stamp for<br>Return) |

The State of Missouri to:    **UBER TECHNOLOGIES, INC.**
Alias:                                    30
CT CORPORATION SYSTEM          CTCOR
5661 TELEGRAPH RD STE 4B        S.W.
ST LOUIS, MO  63129-4275

Other Addresses:

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

COURT SEAL OF



ST. LOUIS COUNTY

Further Information:
SS

| 09-JUN-2026 | /s/ Shanika Simmons |
|---|---|
| Date | Clerk |

ST LOUIS COUNTY SHERIFF'S OFFICE

2026 JUN -9 PM 3:02

RECEIVED

Electronically Filed - ST LOUIS COUNTY - June 16, 2026 - 12:19 PM

Electronically Filed - ST LOUIS COUNTY - June 16, 2026 - 12:19 PM

Case Number: 26SL-CC04238

## Officer's or Server's Return

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.

☑ (for service on a corporation) delivering a copy of the summons and petition to:

_____ _Dan_ _____ (name) _Intake Specialist_ (title).

☑ other: _CT Corp_ _____.

Served at _5661 Telegraph Rd, Suite 4B, 63129_ (address)

in _St Louis_ (County/City of St. Louis), MO, on _06-12-26_ (date)

at _8,35_ (time).

_Kevin Reho_
Printed Name of Officer or Server

_[signature]_
Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____  _____

Date                        Notary Public

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.