# IN THE UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF MISSOURI

# EASTERN DIVISION

**AYKUT PILAK,**

Plaintiff,

v.                                                            Case No. 4:26-cv-01113

**UBER TECHNOLOGIES, INC.,**

Defendant.

## PLAINTIFF'S MOTION TO REMAND AND MEMORANDUM IN SUPPORT

COMES NOW Plaintiff, Aykut Pilak, appearing pro se, and respectfully moves this Court, pursuant to 28 U.S.C. § 1447(c), to remand this action to the Circuit Court of St. Louis County, Missouri. In support of this Motion, Plaintiff states as follows:

## I. INTRODUCTION

This action was originally filed in the Circuit Court of St. Louis County, Missouri, on June 9, 2026, as Case No. 26SL-CC04238.

Plaintiff seeks declaratory and injunctive relief concerning whether any valid contract, including the alleged arbitration agreement, was ever formed under Missouri law. Plaintiff alleges that Defendant's mobile application failed to provide a meaningful opportunity to review, retain, access, or verify the alleged agreement before or after acceptance and that Defendant exclusively controls all electronic records concerning the alleged acceptance.

On July 16, 2026, Defendant removed this action, asserting federal-question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332.

Removal was improper.

This Court lacks subject-matter jurisdiction because Plaintiff's Petition asserts only state-law causes of action, and Defendant has failed to establish that the amount in controversy exceeds the jurisdictional minimum required for diversity jurisdiction.

## II. STANDARD OF REVIEW

Federal courts are courts of limited jurisdiction. The removing party bears the burden of establishing that federal jurisdiction exists.

Removal statutes are strictly construed, and any doubts regarding federal jurisdiction must be resolved in favor of remand.

See 28 U.S.C. § 1447(c).

# III. ARGUMENT

## A. Plaintiff's Petition Does Not Present a Federal Question.

Defendant argues that this Court possesses federal-question jurisdiction because Plaintiff's claims allegedly arise under the Federal Arbitration Act ("FAA").

That argument is legally incorrect.

The Supreme Court has repeatedly held that the FAA does not itself create federal-question jurisdiction.

See *Vaden v. Discover Bank*, 556 U.S. 49, 59 (2009);

*Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 25 n.32 (1983).

Plaintiff's Petition contains no federal cause of action.

Instead, Plaintiff seeks relief under Missouri law regarding:

- whether mutual assent existed;

- whether any valid contract was formed;

- whether Defendant provided a meaningful opportunity to review the alleged agreement;

- whether Defendant's conduct rendered the alleged agreement unconscionable; and

- whether Defendant should be required to produce electronic acceptance records and related account information.

These are traditional issues of Missouri contract law.

Under the well-pleaded complaint rule, a federal question must appear on the face of Plaintiff's complaint.

The possibility that Defendant may rely upon the FAA as a defense does not transform this state-law contract dispute into a federal case.

Accordingly, removal under 28 U.S.C. § 1331 was improper.

## B. The Central Issue Is Contract Formation Under Missouri Law.

The central issue presented by Plaintiff's Petition is not arbitration.

Rather, it is whether any enforceable agreement was ever formed.

Plaintiff alleges that Defendant's mobile application prevented Plaintiff from meaningfully reviewing, accessing, downloading, retaining, or later inspecting the alleged agreement.

Plaintiff further alleges that Defendant exclusively controls all timestamps, electronic signatures, acceptance logs, metadata, version histories, and other records concerning the alleged acceptance process.

Because Plaintiff could neither review nor later verify the alleged agreement, Plaintiff challenges whether there was mutual assent and a valid meeting of the minds.

These issues arise exclusively under Missouri contract law.

Whether a mobile application's design prevented meaningful contractual assent is a threshold state-law issue that must be resolved before any arbitration provision can be enforced.

Plaintiff cites *Rochelle Ameer v. Lyft, Inc.*, No. ED112455 (Mo. Ct. App. E.D. Mar. 4, 2025), as persuasive Missouri authority recognizing that the design and functionality of a rideshare application's interface may affect users' legal rights and obligations.

Accordingly, Plaintiff's Petition presents state-law questions concerning contract formation rather than federal questions arising under the FAA.

## C. Defendant Has Failed to Establish Diversity Jurisdiction.

Defendant also relies upon 28 U.S.C. § 1332.

However, Defendant has failed to establish that the amount in controversy exceeds $75,000.

Plaintiff's Petition does not seek compensatory damages, punitive damages, or any specific monetary recovery.

Instead, Plaintiff requests declaratory relief, injunctive relief, and production of Defendant's electronic records concerning the alleged agreement.

Rather than demonstrating the value of the relief sought in this case, Defendant relies upon allegations contained in a different lawsuit.

That separate action cannot establish the amount in controversy in this independent declaratory judgment action.

Defendant has offered no competent evidence establishing, by a preponderance of the evidence, that the value of the declaratory and injunctive relief requested in this action exceeds $75,000.

Accordingly, Defendant has failed to satisfy its burden under 28 U.S.C. § 1332.

## D. Defendant's Notice of Removal Contains Material Inaccuracies.

Defendant's Notice of Removal repeatedly characterizes this action as involving the "exact same underlying claims" as a prior federal action.

However, Defendant also cites inconsistent case numbers when describing that prior litigation.

These inaccuracies further undermine Defendant's jurisdictional allegations.

More importantly, this action seeks a judicial determination regarding contract formation, mutual assent, accessibility of the alleged agreement, and Defendant's electronic acceptance records.

Those issues have not been established merely by Defendant's characterization of another lawsuit.

# IV. CONCLUSION

Defendant has failed to establish either federal-question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332.

Because this Court lacks subject-matter jurisdiction, remand is required pursuant to 28 U.S.C. § 1447(c).

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Grant Plaintiff's Motion to Remand;

2. Remand this action to the Circuit Court of St. Louis County, Missouri;

3. Award any additional relief the Court deems just and proper.

Respectfully submitted,

/s/ Aykut Pilak

**AYKUT PILAK**

Plaintiff, Pro Se

8818 Gravois Rd., Apt. 15

St. Louis, Missouri 63123

Email: aykutpilak@gmail.com

Phone: (314) 680-4583

# CERTIFICATE OF SERVICE

I hereby certify that on July 19, 2026, I filed the foregoing **Plaintiff's Motion to Remand and Memorandum in Support** with the United States District Court for the Eastern District of Missouri.

I further certify that on the same date, I served a true and correct copy of the foregoing document upon Defendant's counsel by depositing it in the United States Mail, first-class postage prepaid, addressed as follows:

Harry W. Wellford, Jr.

William J. O'Shea

LITTLER MENDELSON, P.C.

7777 Bonhomme Avenue, Suite 1220

Clayton, Missouri 63105

Attorneys for Defendant Uber Technologies, Inc.

/s/ Aykut Pilak

**AYKUT PILAK**

Plaintiff, Pro Se