**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| **AYKUT PILAK,** | |
| Plaintiff, | |
| vs. | Case No.   **4:26-cv-01113-ZMB** |
| **UBER TECHNOLOGIES, INC.,** | |
| Defendant. | |

**DEFENDANT'S MEMORANDUM IN OPPOSITION OF**
**PLAINTIFF'S MOTION TO REMAND**

COMES NOW Defendant Uber Technologies, Inc. ("Uber" or "Defendant"), by and through undersigned counsel, and for its Memorandum in Opposition of Plaintiff's Motion to Remand:

## I.      INTRODUCTION

*Pro se* Plaintiff Aykut Pilak ("Plaintiff") filed this lawsuit in the Circuit Court of St. Louis County, Case No.: 26SL-CC04238, alleging the Arbitration Provisions Plaintiff he accepted are invalid after this Court ordered Plaintiff to arbitrate that exact issue: "these questions [regarding validity] are reserved for the arbitrator." *A true and correct copy of the Court's January 27, 2026, Memorandum and Order is attached hereto as* **Exhibit A**; *see* Dkt. 031.  As detailed in Defendant's pending Motion to Dismiss, *See* Dkts. *009-010*, this lawsuit's claims are Plaintiff's most recent attempt to circumvent the Court's Order granting Uber's Motion to Compel Arbitration in Case No.: 4:25-cv-456-ZMB (the "First Action"), which is stayed pending the outcome of the arbitration Plaintiff refuses to engage in despite the Court's order.

In his Motion to Remand, Plaintiff contends that he only seeks "relief under Missouri law" on "traditional issues of Missouri contract law." But it is clear from the face of his Petition that his

1

action is nothing more than an improper collateral attack on this Court's Order compelling arbitration. Plaintiff cannot be allowed to allegedly split his claims through artful pleading to circumvent this Court's Order and thereafter prevent the Court from enforcing its own Order through a Motion to Remand.

As an initial matter, it appears that Plaintiff is improperly utilizing artificial intelligence and while permitted by the District Court for the Eastern District of Missouri, all Parties are responsible for the contents of their filings. *See* Fed. R. Civ. P. 11(b).[1]

Beyond Plaintiff's improper use of artificial intelligence, the Court must deny Plaintiff's Motion to Remand because Defendant validly removed pursuant to the Court's Diversity and Federal Question jurisdictions.

First, there is no dispute regarding the citizenship of the Parties and that they are citizens of different states. While Plaintiff is seemingly silent on the amount in controversy, he has repeatedly demanded over $200,000,000 for the settlement of **all** claims. Consistently, in the arbitration he was ordered to engage in, which he subsequently abandoned before filing this action to avoid that arbitration, he submitted an arbitration demand seeking $200,000,000. Thus, the amount in controversy far exceeds the jurisdiction threshold of $75,000.

Second, federal question jurisdiction also exists because the underlying facts and disputes of Plaintiff's lawsuit directly relate to his prior lawsuit (Case No.: 4:25-cv-456-ZMB) and the Court's Order compelling arbitration.  Plaintiff's Petition necessarily seeks relief that cannot be granted without determining the continuing force and legal effect of this Court's Order compelling

---

[1] While Plaintiff's argument directly attacks Defendant's bases for removal with legal citations and argument, the Court should note that upon review of Plaintiff's cited authorities, Defendant believes Plaintiff has used artificial intelligence for drafting without confirming the sources used.  Indeed, Plaintiff has included citations that do not stand for the same premise or legal arguments Plaintiff set forth therein. In fact, in at least one (1) instance, the citation "Baker Group v. Smith, 820 F.3d 928" is not related to any Opinion by the Court regarding remand, and Defendant believes that case was hallucinated by whichever drafting tool Plaintiff used.

arbitration and enforcing the delegation clause. Plaintiff therefore does not present an ordinary state-law contract dispute but instead seeks declaratory relief that would negate an existing federal order. At bottom, Plaintiff is essentially arguing that the Court must ignore its prior rulings and Order and that it lacks jurisdiction to enforce its own Order.  This is surely false.

Further, Plaintiff's claims of employment discrimination under Title VII are the underlying issue for his other lawsuit and they are the basis for challenging the Arbitration Provisions' validity in this action.  Plaintiff would not be challenging the Arbitration Provisions here had he never brought his employment discrimination claims in the First Action, Case No.: 4:25-cv-456-ZMB. Because the federal issue is necessarily raised, actually disputed, substantial and capable of resolution in federal court without disrupting the federal-state balance, jurisdiction exists under *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308 (2005).  Applying the Court's *Grable* Test, it is evident that the underlying facts and claims disputed by the Parties stem purely from Plaintiff's Title VII claims for employment discrimination.

## II.   **PROCEDURAL AND FACTUAL BACKGROUND**

### A. **This Court Ordered Plaintiff to Arbitrate His Disputes Regarding Validity of His Arbitration Provisions.**

In the First Action, Plaintiff alleged employment discrimination against Uber for incidents that occurred while he was using the Uber app, Case No.: 4:25-cv-456-ZMB ("First Action").  The Platform Access Agreements accepted by Plaintiff on May 6, 2022, contained Arbitration Provisions requiring all claims to be arbitrated.

Defendant filed its Motion to Compel Arbitration on June 18, 2025. *See* Dkt. 013.  Plaintiff filed a slew of Memorandums in Opposition, additional Motions attempting to add additional claims, and several sur-replies in response to Uber's Motion to Compel Arbitration. *See* Dkts. 020,

3

023, and 030.  The majority of those additional filings by Plaintiff requested the Court find the Arbitration Provisions invalid, unconscionable, and coercive.  The Court granted Defendant's Motion to Compel on January 27, 2026.  *See* **Ex. A**; *see* Dkt. 031.  The Court's Memorandum and Order ("Order") held, in part, that Plaintiff did "not contest that he accepted contracts containing arbitration clauses," that he failed to challenge the delegation clauses of the Arbitration Provisions related to validity, and that his arguments validity "cannot undermine Uber's request to compel arbitration" because his challenges "are reserved for an arbitrator."  *See* **Ex. A**; *see* Dkt. 031.  In direct violation of this Court's directive for Plaintiff to submit his validity disputes to an arbitrator, Plaintiff instead submitted those disputes to the Circuit Court of St. Louis County in an attempt to unravel this Court's Order.

## B.  <u>Plaintiff's Claims Are the Continuation of his Claims in the Other Lawsuit.</u>

As further detailed in Defendant's Motion to Dismiss, *See* Dkt. 090-010, Plaintiff seeks a "second bite at the apple" by collaterally attacking the Court's ruling; requesting findings directly contrary to the Court's Order.  While Defendant's Motion to Dismiss specifically relates to preclusion of the claims and issues Plaintiff brings in this action, it is necessary to note this lawsuit does not exist without Plaintiff's First Action alleging claims of employment discrimination under Title VII of the Civil Rights Act, 42 U.S.C. 2000 *et seq*. *A true and accurate copy of Plaintiff's Petition in the First Action is attached hereto as* **Exhibit B**. It was only after  Defendant moved the Court to compel arbitration that Plaintiff challenged the Arbitration Provisions' validity. Plaintiff now asks the Court to ignore its own prior ruling on the validity of the Arbitration Provisions despite the preclusive effects of this Court's Order.  Regardless, without Plaintiff's claims of employment discrimination in the First Action, this lawsuit would not exist.

Plaintiff's Petition does not allege an amount in controversy.  However, Plaintiff has clearly and unequivocally demanded over $200,000,000.00 to resolve his claims. *A true and correct copy of the Declaration of Defendant's Counsel Harry W. Wellford is attached hereto as* **Exhibit D**.

## III.    ARGUMENT

### A.  The Court has Diversity Jurisdiction Over Plaintiff's Claims.

Diversity jurisdiction exists where the Parties have complete diversity of citizenship and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332.  There is no dispute that the Parties are completely diverse.  Plaintiff is a resident of Missouri and Defendant is a business incorporated in the state of Delaware.  *See Plaintiff's Petition ¶ 1*; *See a copy of Plaintiff's Form 8-A filed with the United States Securities and Exchanges Commission attached hereto as* **Exhibit C**.  Plaintiff, however, contends that the amount in controversy does not exceed $75,000.00.

The Supreme Court has held that a notice of removal need only plausibly allege the amount in controversy exceeds the threshold amount of $75,000.00.  *See Cherokee Basin Operating Co. v. Owens,* 574 U.S. 81 (2014).  Additionally, where the plaintiff challenges the amount in controversy, the Eighth Circuit has held the removing Party may use evidence of past demands as evidence. *See Gibson v. Clean Harbors Env't Servs., Inc*., 840 F.3d 515, 521 (8th Cir. 2016); *see also Fowler v. DoorDash Essentials, LLC*, No. 4:25-CV-1097 HEA, 2025 WL 3492790, at *2 (E.D. Mo. Dec. 5, 2025).

Plaintiff's Petition does not include a specific monetary demand for relief.  However, Plaintiff has consistently demanded $200,000,000 for a settlement and release.  **Ex. D ¶¶ 8-9**. Specifically, in an initial demand for arbitration that Plaintiff has since abandoned, his requested relief demanded $200,000,000. **Ex. D ¶ 5**; *a true and accurate copy of the Demand for Arbitration is attached hereto as* **Exhibit E**.  Additionally, in subsequent correspondence with Plaintiff

explaining the necessary steps to demand arbitration, Plaintiff repeatedly demanded $200,000,000. **Ex. D** ¶¶ 8-9.

To date, Plaintiff has not provided any evidence or statements that he now is demanding $75,000 or less for the full settlement of his claims in either this action or the First Action. **Ex. C** ¶ 12.  In fact, due to Plaintiff's constant onslaught of filings, it is likely that his demands have only increased above $200,000,000.

Therefore, because the parties are completely diverse and the amount in controversy far exceeds $75,000, the Court has diversity jurisdiction.

### B.  The Court Has Federal Question Jurisdiction.

#### i.  The Court Has Jurisdiction Over Its Order and Plaintiff's Collateral Attack of the Order.

As previously stated, *supra*, Plaintiff has engaged in a claim-splitting attempt in an artful, yet blatant attempt to evade the Court's.  *See* **Ex. A**.  While Plaintiff attempts to disguise his Petition as merely a contract interpretation claim under Missouri law, it is much more than that.  It is a collateral attack on the Court's Order.  While the purported claims for injunctive relief in this case are technically filed as a separate lawsuit, there can be no doubt this was done for the sole purpose of having another court, the Circuit Court of St. Louis County, issue a competing ruling conflicting with this Court's Order on a dispute this Court order Plaintiff to resolve in arbitration before an arbitrator.  Despite having the full opportunity to assert these claims in his other lawsuit, Plaintiff is again seeking the vary relief this Court already denied.  Yet in seeking remand, he now asks the Court to deprive itself of the ability to enforce its own Order.  This lawsuit is nothing more than a strategic attempt by Plaintiff to "forum shop" between federal and state courts in violation of the Order until he gets a ruling that suits his arguments.

6

This type of "gamesmanship" wastes both the Court's and Defendant's time and resources. Plaintiff has been presented with the Court's Order directing him to bring his disputes about the validation of the Arbitration Provisions in arbitration. While it is clear Plaintiff does not respect the Court's time or resources by levying collateral claims precluded by the doctrine of *res judicata*, the Court maintains jurisdiction in both this action and the First Action, and it should deny Plaintiff's Motion to Remand and enforce its Order.

### ii. Federal Question Jurisdiction Exists Where the Underlying Substantive Controversy Is a Dispute of Federal Law.

Section 4 of the FAA states:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties… 9 U.S.C. § 4.

Plaintiff has argued that removal under 28 U.S.C. § 1331 is improper when the its sole basis is the Federal Arbitration Act ("FAA"), 9 U.S.C. § 4 *et seq*. While Courts have typically been hesitant to permit removal solely under the FAA, this is not absolute. Rather, the Supreme Court has applied the "look through" approach and have permitted removal under the FAA where the underlying controversy substantially relates to a dispute of federal law. *See Vaden v. Discover Bank*, 556 U.S. 49 (2009).

The Court has established a four (4) factor test for determining whether subject matter jurisdiction exists when a Plaintiff has purportedly brought a claim solely under state law. *Grable* 545 U.S. 308 (2005). Under *Grable*, federal question jurisdiction exists when a federal issue is 1) necessarily raise; 2) actually disputed; 3) substantial; and 4) capable of resolution in federal court without disrupting the federal-state balance. *See id*. Of course, the Eighth Circuit has routinely held strongly in favor of the arbitrability of claims under the FAA in kind with federal policy.

7

Defendant must first prove an issue imputing federal question jurisdiction was necessarily raised.  Upon looking at the full context of Plaintiff's Petition, the accompanying Motions filed with the Court and Plaintiff's companion First Action that is currently stayed, pending the completion of arbitration, this lawsuit stems directly from the rulings made by the Court in the First Action alleging federal employment discrimination claims.  Because these two lawsuits share the exact same nucleus of operative facts, the underlying controversy in this lawsuit is the validity of the Arbitration Provisions signed by Plaintiff specifically as they relate to his claims of employment discrimination levied against Defendant.  There can be no doubt that Plaintiff's entire purpose for filing this second lawsuit is to try (for a second time) to have the Court rule that the Arbitration Provisions are invalid to circumvent this Court's Order.  Plaintiff had the full opportunity to bring these disputes in his prior lawsuit involving federal claims; he does not get a second chance simply because he is dissatisfied with the outcome.

Secondly, Plaintiff's underlying claims of employment discrimination are, and remain disputed by the Parties.  Defendant wholly and unequivocally denies Plaintiff's claims of employment discrimination under Title VII.

Thirdly, Plaintiff's claims in this lawsuit are substantially related to his alleged employment and Uber's alleged discrimination.  For instance, Plaintiff alleges and relies on his alleged failure to understand and speak English to support his claims in both lawsuits.  Based on the face of the complaints in this action and the First Action, it is abundantly clear the underlying controversy relates specifically to Plaintiff's Title VII claims for employment discrimination. *See Plaintiff's Petition* ¶¶ 5; 25-26.

Finally, the federal-state court balance must be considered.  While Missouri's state courts are able to oversee contract interpretation cases and compel arbitration, Plaintiff's underlying

8

claims at the root of both lawsuits relate to employment discrimination under federal law. Additionally, the Court previously issued an Order compelling arbitration and staying the proceedings over the same facts in Plaintiff's First Action, and for the purposes of *res judicata* and collateral estoppel, that Order is final.  This only further suggests this Court should continue to hear all further proceedings arising from the same nucleus of operative facts.  Plaintiff has slyly attempted to perform a claim-splitting maneuver for the sole purpose of evading this Court's previous Order.  Plaintiff's attempt to challenge jurisdiction over the exact same dispute flies in the face of the Court's Order and the doctrine of *res judicata*.

Thus, the Court must deny Plaintiff's Motion to Remand because the Court has Federal Question jurisdiction.

## IV.     <u>CONCLUSION</u>

Because the Court has both diversity and federal question jurisdiction to hear Plaintiff's claims, Defendant's removal of Plaintiff's Petition was valid.

WHEREFORE, Defendant Uber Technologies, Inc., respectfully requests that the Court deny Plaintiff's Motion to Remand, or in the alternative, stay the proceedings pending the outcome of the arbitration this Court ordered in the First Action. To the extent necessary, this Court should alternatively order Plaintiff to arbitrate his disputes in compliance with the Court's Order and his Arbitration Provisions.

9

Respectfully submitted,


*/s/ William J. O'Shea*

Harry W. Wellford, Jr., Bar No. 32305
hwellford@littler.com
William J. O'Shea, Bar No. 73881
woshea@littler.com
LITTLER MENDELSON, P.C.
7777 Bonhomme Ave, Suite 1220
Clayton, Missouri 63105
Telephone:    314.659.2000
Facsimile:    816.817.2138

*Attorney for Defendant Uber Technologies, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 3rd day of August 2026, I electronically filed the foregoing with the Clerk of the Court to be served by operation of the Court's electronic filing system and via USPS mail and electronic mail upon the following:

Aykut Pilak
8818 Gravois Road, Apt. 15
St. Louis, MO 63123
aykutpilak@gmail.com

*Pro se Plaintiff*

/s/ William J. O'Shea